UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CEDRIC MAURICE WILSON,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY AGENCY,<br><br>Defendant. | Civil No. 13-2330 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the allegations in the applicant's complaint merely seem "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S.

at 325, 328.

In this case, the allegations presented in Plaintiff's complaint are not just "unlikely;" they plainly are delusional. Plaintiff alleges that "[f]rom the bace [sic] to the satellites," the National Security Agency is "sending Electromagnetics Radiation Energy to my whole body, bace [sic], satellites surveillance Electromagnetic Radiation Energy to my whole body!" (Complaint, [Docket No. 1], p. 4, § 7.) Plaintiff's complaint and attached documents include repeated references to "electronic harassment," (a/k/a "EH"); and the "Request for Relief" section of the complaint states: "Need turn EH off! Death Threatening!" (Complaint, p. 4.)

It is readily apparent that Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible." The complaint undoubtedly is "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: September 3, 2013

*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

2

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 19, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.